GEORGE IDE *v.* CHARLES A. STORY.

*Appellee's Right to Enter Appeal from the Judgment of a Justice of the Peace for Affirmance. Acts of 1866, No. 37. Gen. Sts. ch. 31, § 64.*

No. 37 of the Acts of 1866, relating to appeals from judgments of justices of the peace, does not abridge the right of the appellee, secured by § 64, ch. 31, of the Gen. Sts., to enter the appeal for affirmance.

ASSUMPSIT, appealed from the judgment of a justice of the peace by the defendant, who failed to enter his appeal in the county court within the time prescribed by the rules thereof,

whereupon the plaintiff entered the same for affirmance. It was not claimed that it was necessary to have the judgment affirmed to protect any right or lien of the plaintiff. The court, at the June term, 1874, Ross, J. presiding, dismissed the complaint for affirmance, with costs ; to which the plaintiff excepted.

*G. W. Cahoon*, for the plaintiff, cited the Gen. Sts. 285, §§ 64, 68, and the Act of 1866, Gen. Sts. 922.

*Belden & Ide*, for the defendant, cited *Mead* v. *Arms*, 2 Vt. 180 ; *Jenney* v. *Glynn*, 12 Vt. 480 ; Acts of 1870, No. 66 ; *Catlin* v. *Taylor et al.* 18 Vt. 104.

The opinion of the court was delivered by

ROYCE, J. This was an action commenced before a justice of the peace, and after a judgment for the plaintiff, the defendant took an appeal from the judgment to the county court. The appellant failed to enter his appeal in the county court, and the appellee entered the same for affirmance, and filed copies of appeal and his complaint for affirmance with the clerk of the court. The court dismissed the complaint, with costs to the appellant ; to which the appellee excepted. The right of an appellee in such a case to enter the suit, and have the judgment rendered by the justice, affirmed, if no good cause be shown to the contrary, is secured by § 64, ch. 31, of the Gen. Sts.

The statute of 1866, Gen. Sts. 922, provided that an appeal from a justice's judgment in any civil cause, should not operate to vacate such judgment, but should only suspend the same until the next stated term of the court to which the appeal was taken ; and if the appeal was duly entered in the court to which it was taken, such judgment should be vacated ; and that if neither party entered the appeal at the term of court to which it was taken, the justice who rendered the judgment might issue an execution for the amount of the same, with twelve per cent. interest. The evident intention of this statute was, to save the benefit of the judgment to the party obtaining it before a justice, in those cases where neither the appellant or appellee entered the appeal

in the court to which it was taken. The appellee was entitled, under § 64 of ch. 31, above cited, to enter the copies of appeal, and to be heard upon his claim to have the judgment affirmed, unless he is deprived of that right by the statute of 1866. There is no provision in the statute of 1866 repealing the previous statute; and to repeal a statute by implication, there must be such a positive repugnancy between the provisions of the new law and the old, that they cannot stand together or be consistently reconciled. Potter's Dwarris, 154, and notes 4, 5. There is no perceivable inconsistency between the previous statute and the statute of 1866. The intent of this statute was to be auxiliary to the previous one, and no construction can be put upon it which will abridge the rights that were then secured by the previous statute. Hence, we think, the court erred in dismissing the complaint; and the judgment is reversed and cause remanded.